IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41015
Summary Calendar
_____

DONALD C. JACKSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1698
- - - - - - - - - -

March 24, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Donald C. Jackson, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under 28 U.S.C. § 2244(d)(1). This court issues a COA only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In considering a nonconstitutional question in a COA application, such as the time-bar issue presented here, the standard is whether the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitioner has made a credible showing of error by the district court.  See Sonnier v. Johnson, 161 F.3d 941, 943(5th Cir. 1998). Only then will the court consider whether the prisoner has made a substantial showing of the denial of a constitutional right on his underlying claim.  Id. at 943-44.

Jackson fails to make the necessary showing that the district court's determination was erroneous that he filed his § 2254 petition in the district court untimely.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 & n.2 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 915-16 (5th Cir. 1998).  Moreover, Jackson's assertion is unavailing that the statute of limitations should be equitably tolled because two of the transfer units' libraries where he was incarcerated did not have federal resource material.  See Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977).  Jackson fails to make the required showing under Sonnier that the district court erred by dismissing his habeas petition as time-barred under § 2244(d).  Accordingly, Jackson's request for a COA is DENIED.